UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAURICE KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. NO. 04-2286 (RMC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, has brought his action pursuant to the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, based on the alleged conduct of employees of the United States District Court for the District of Columbia. The sole named defendant, the United States Department of Justice, has filed a motion to dismiss.

*Background*

Plaintiff alleges that on November 15, 2004, he went to the Clerk's Office of the United States District Court for the District of Columbia for the purpose of filing a petition of removal. Complaint ("Compl."), ¶ 1. According to plaintiff, a clerk informed plaintiff that he could not file his case because it had originated in a Maryland state court. *Id.*, ¶ 3. Plaintiff states that he suffers from post-traumatic stress disorder and major depression and that the clerk's actions exacerbated these conditions. *Id.*, ¶¶ 2, 5.

*Standard of Review*

On a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. Fed. Deposit Ins. Corp.*, 132

F.3d 753, 761 (D.C. Cir. 1997). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

*Discussion*

Plaintiff's claim is against the United States District Court for the District of Columbia, but he has named the Department of Justice as the defendant. There are no allegations in the complaint against the Department of Justice. The federal court is not a part of the Department of Justice or even in the executive branch of the government. Therefore, plaintiff has failed to state a claim and the case will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).[1] A separate order accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
ROSEMARY M. COLLYER
United States District Judge

DATE: 31 October 2005

---

[1] The complaint is subject to dismissal under section 1915(e) of Title 28, United States Code. That statute provides in pertinent part that "the court shall dismiss [an action filed *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous . . . [or] fails to state a claim on which relief may be granted . . . ." The Supreme Court has held that Section 1915(e) gives the Court

> not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989).